IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| VISTA MARKETING GROUP LTD., a | ) |
| Delaware corporation, | ) Case No. 12-83168 |
| | ) |
| Debtor. | ) |

## NOTICE

**TO:** See attached Service List

    **YOU ARE HEREBY NOTIFIED**, that on the **6th day of March, 2013 at 10:30 A.M.**, or as soon thereafter as counsel may be heard, I shall appear in said cause before the Honorable Thomas M. Lynch in Courtroom 3100, at the United States Bankruptcy Court, Stanley J. Roszkowski U.S. Courthouse, 327 South Church Street, Rockford, Illinois, and then and there present for hearing: **MOTION FOR TURNOVER OF FUNDS HELD BY DEBTOR'S COUNSEL**, a copy of which is attached hereto and is on file at the Bankruptcy Clerk's office located in Room 1100 at 327 South Church Street, Rockford, Illinois and via the ECF/Pacer system which may be accessed through the Bankruptcy Court's website at www.ilnb.uscourts.gov, for your review.

Dated: February 15, 2013                          Respectfully Submitted:

PREPARED BY:                            BMO HARRIS BANK, N.A., FORMERLY KNOWN AS
Matthew M. Hevrin (ARDC #6256083)        HARRIS N.A., AS ASSIGNEE OF THE FEDERAL
HINSHAW & CULBERTSON LLP               DEPOSIT INSURANCE CORPORATION AS
100 Park Avenue                                       RECEIVER FOR AMCORE BANK, N.A., Creditor
P.O. Box 1389
Rockford, IL 61105-1389                      BY:     HINSHAW & CULBERTSON LLP
Phone: 815-490-4900                          BY:     /s/Matthew M. Hevrin
Fax: 815-490-4901                                     One of Its Attorneys
mhevrin@hinshawlaw.com

### CERTIFICATE OF SERVICE

    I, Matthew M. Hevrin, an attorney, on oath state that I caused to be served this **NOTICE** and attached **MOTION FOR TURNOVER OF FUNDS HELD BY DEBTOR'S COUNSEL** via electronic filing using the CM/ECF systems and by mailing a copy to all parties listed on the attached SERVICE LIST and depositing same in the U.S. Mail at Rockford, Illinois, before the hour of 5:00 p.m. on February 15, 2013, proper postage prepaid.

                                                                     /s/Matthew M. Hevrin

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| VISTA MARKETING GROUP LTD., a ) |
| Delaware corporation, | ) Case No. 12-83168 |
| | ) |
| Debtor. | ) |

## SERVICE LIST

| | |
|---|---|
| Thomas F. Laughlin<br>6833 Stalter Drive<br>Rockford, IL  61108<br>(Debtor's counsel) | Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>780 Regent St., Suite 304<br>Madison, WI  53715<br>(electronic service only) |
| Stenstrom Petroleum Services<br>P.O. Box 5946<br>Rockford, IL  61125 | Commercial Refrigeration<br>3419 Lonergan Drive<br>Rockford, IL  61109 |
| Prairie Farms<br>3510 Central Avenue<br>Dubuque, IA  52001 | Tyler Landscaping<br>6701 N. Main Street<br>Rockford, IL  61103 |
| Hayes Beer<br>1819 Elmwood Road<br>Rockford, IL  61103 | The American Bottling Company<br>21431 Network Place<br>Chicago, IL  60673-1214 |
| BD Imports, Inc.<br>Formerly Rockford, IL<br>3527 W. Federal Way<br>Suite #103/114<br>Boise, ID  83705 | Rockford Register Star<br>P.O. Box 79<br>Rockford, IL  61105 |
| Oil Equipment Company, Inc.<br>4701 Lien Road<br>Madison, WI  53704 | Ryko Manufacturing<br>Dept CH 16670<br>Palatine, IL  60055-6670 |
| NICDC<br>Attn: RLDC<br>120 W. State Street, Suite 306<br>Rockford, IL  61101 | Coca Cola Enterprises – RKFD S<br>135 S. LaSalle Street, Dept. 233<br>Chicago, IL  60674-2335 |
| Williams & McCarthy<br>120 West State Street<br>P.O. Box 219<br>Rockford, IL  61105-0219 | Clifton Gunderson LLP<br>1639 N. Alpine Road<br>Rockford, IL  61107 |

70984178v1 0928211

| | |
|---|---|
| Com Ed<br>P.O. Box 6111<br>Carol Stream, IL  60197-6111 | Williams-Manny<br>P.O. Box 5466<br>Rockford, IL  61125-0466 |
| Pepsi-Cola of Rockford – IL SI<br>P.O. Box 7425<br>Madison, WI  53707-7425 | Illinois State Lottery Commission<br>200 S. Wyman<br>Rockford, IL  61101 |
| Klemm Tank Lines<br>P.O. Box 74277<br>Cleveland, OH  44194-4277 | Chambers & Owen<br>P.O. Box 1489<br>Janesville, WI  53547 |
| Shell Oil<br>P.O. Box 200882<br>Houston, TX  77216-0882 | Shell Oil Products US<br>P.O. Box 7247-6190<br>Philadelphia, PA  19170-0001 |
| Shell Oil<br>c/o Kimberly J. Fideler Robinson<br>Barack, Ferrazzano, Kirschbaum & Nagelberg, LLP<br>200 W. Madison St., Suite 3900<br>Chicago, IL  60606-3459 | Illinois Dept. of Revenue<br>P.O. Box 19019<br>Springfield, IL  62794-9019 |
| Illinois Dept. of Revenue Sales Tax<br>P.O. Box 19006<br>Springfield, IL  62794-9006 | Illinois Dept. of Revenue<br>P.O. Box 19035<br>Springfield, IL  62794-9035 |
| Illinois Dept. of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL  60664-0338 | Kinnie S. Smith nd N.L. Stevens<br>c/o George Hampilos<br>HAMPILOS & LANGLEY LTD.<br>308 West State Street, Suite 210<br>Rockford, IL  61101 |
| Rockford Local Development Corporation<br>c/o John Phelps<br>120 W. State Street, #306<br>Rockford, IL  61101 | U.S. Small Business Administration<br>c/o Joel Nathan<br>219 S. Dearborn, 5th Floor<br>Chicago, IL  60604 |

70984178v1  0928211

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| VISTA MARKETING GROUP LTD., a | ) |
| Delaware corporation, | ) Case No. 12-83168 |
| | ) |
| Debtor. | ) |

## MOTION FOR TURNOVER OF FUNDS HELD BY DEBTOR'S COUNSEL

NOW COMES the Secured Creditor, BMO HARRIS BANK, N.A., FORMERLY KNOWN AS HARRIS N.A., AS THE ASSIGNEE OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS THE RECEIVER FOR AMCORE BANK N.A., hereinafter referred to as "BMO Harris Bank" by and through its attorneys, HINSHAW & CULBERTSON LLP, and as its Motion for Turnover of Funds held by Debtor's Counsel, Thomas Laughlin, states as follows:

1. On August 30, 2012, Vista Marketing Group, Ltd., hereinafter referred as the "Debtor" filed a Voluntary Petition for Relief pursuant to Chapter 11 of the United States Bankruptcy Code with this Court.

2. Since the time of filing, the Debtor continued to operate its three retail gas stations.

3. On January 3, 2013 the Court approved the sales of real estate at 5542 E. Riverside Boulevard, Rockford, IL (the "Riverside Property") and 1021 S. Meridian Road, Rockford, IL pursuant to Section 363 of the United States Bankruptcy Code. Those sales were completed on January 31, 2013.

4. As a part of those sales, and pursuant to the Order of the Court approving the sales, $313,950.46 of the proceeds of those sales was placed in the trust account of Thomas Laughlin, the Debtor's counsel. $10,738.97 was from the Meridian property and represented a

credit for the fuel inventory purchase and $303,151.49 was from the Riverside Property. Copies of the Closing Statements are attached as **Exhibit "A"**.

5. These amounts were placed in Mr. Laughlin's trust account pursuant to Court order and agreement of the parties in order to allow the parties and opportunity to claim those proceeds and for the Court to make a determination as to whom is entitled to those proceeds. BMO Harris Bank, by this motion, hereby claims the entirety of those proceeds.

## DEBTOR'S LOANS WITH BMO HARRIS BANK

6. BMO HARRIS BANK is the successor in interest to Amcore Bank pursuant to a Purchase and Assumption Agreement dated April 23, 2010, by and through which BMO Harris Bank is entitled to bring this Motion and to prosecute collection and foreclosure actions with respect to the loan documents described below. A copy of said Purchase and Assumption Agreement is available on the internet at www.fdic.gov/bank/individual/failed/amcore.html.

7. On May 7, 2008, the Debtor executed a Promissory Note in favor of Amcore Bank in the original principal amount of $350,000.00, a true and accurate copy of which is attached hereto as **Exhibit "B"** and is incorporated herein by reference. Said Note is hereinafter referred to as "Note 1."

8. On March 13, 2009, the Debtor executed a Promissory Note in favor of Amcore Bank in the original principal amount of $435,000.00, hereinafter referred to as "Note 2," a true and accurate copy of which is attached hereto as **Exhibit "C"** and is incorporated herein by reference.

9. On December 14, 2009, the Debtor executed a Promissory Note in favor of Amcore Bank in the original principal amount of $2,925,221.00, hereinafter referred to as "Note 3," a true and accurate copy of which is attached hereto as **Exhibit "D"** and is incorporated herein by reference.

70984006v1 0928211

10. On February 8, 2007, the Debtor executed a Promissory Note in favor of Amcore Bank in the original principal amount of $2,335,811.00, hereinafter referred to as "Note 4," a true and accurate copy of which is attached hereto as **Exhibit "E"** and is incorporated herein by reference.

11. Note 4 was secured by a mortgage against the Riverside Property, which mortgage was dated February 8, 2007, recorded in the Winnebago County Recorder's Office on February 12, 2007, as document number 0708048 and modified on December 14, 2009, as document number 20101001178. Note 1, Note 2, Note 3 and Note 4 were secured by a mortgage against the Riverside Property dated May 7, 2008, recorded in the Winnebago County Recorder's Office on May 9, 2008, as document number 200800822568. True and accurate copies of said mortgages are attached hereto as **Group Exhibit "F"** and are incorporated herein by reference.

12. Note 1, Note 2, and Note 3 were secured by, amongst other things, mortgages against the property commonly known as 1021 South Meridian Road, Rockford, Illinois, 61102, said mortgages which were dated May 7, 2008 and recorded May 9, 2008, as document number 200800822570, and May 7, 2008 and recorded May 13, 2008, as document number 200800823141 and modified on December 14, 2009 and recorded January 25, 2010, as document number 20101002994. True and accurate copies of said mortgages are attached hereto as **Group Exhibit "G"** and are incorporated herein by reference.

13. Note 1, Note 2, Note 3 and Note 4 were also secured by a security interest in the business assets of the Debtor, including, but not limited to, the accounts, equipment, general intangibles, and inventory, which was granted by way of a Security Agreement dated August 28, 2007, a true and accurate copy of which is attached hereto as **Exhibit "H"** and is incorporated herein by reference. Said security interest was perfected with the filing of a UCC-1 Financing

70984006v1 0928211

Statement with the Delaware Secretary of State on April 28, 2004, a true and accurate copy of which is attached hereto as **Exhibit "I"** and is incorporated herein by reference.

14. All of the aforementioned loan documents are in default by the failure of the Debtor to make the required principal and interest payments due and owing under the Promissory Notes, by the failure of the Debtor to pay the property taxes due and owing on the Real Estate which is encumbered by the above-referenced mortgages, and by filing the bankruptcy in this case.

15. As of February 20, 2013, the total amount which is due and owing to BMO Harris Bank from the Debtor under each of the four Promissory Notes is as follows:

| Note Dated | Original Principal Amount | Total Amount Due | Principal | Interest | Default Interest | Corporate Advances | Prepayment | Exhibit |
|---|---|---|---|---|---|---|---|---|
| 5-7-2008 | $350,000.00 | $308,630.78 | $227,745.00 | $43,137.00 | $31,886.40 | $5,862.38 | $0 | "B" |
| 3-13-2009 | $435,000.00 | $0 | $0 | $0 | $0 | $0 | $0 | "C" |
| 12-14-2009 | $2,925,221.00 | $3,234,576.05 | $2,516,473.69 | $310,454.11 | $352,304.40 | $55,343.85 | $0 | "D" |
| 2-8-2007 | $2,335,811.00 | $0 | $0 | $0 | $0 | $0 | $0 | "E" |

16. Note 2 and Note 4 were paid in full through proceeds of the 363 sales.

**BMO HARRIS BANK HAS A VALID LIEN AGAINST THE PROCEEDS IN MR. LAUGHLIN'S TRUST WHICH IS SUPERIOR TO THE CLAIMS OF ANY OTHER PARTY SUCH THAT SAID PROCEEDS SHOULD BE TURNED OVER TO BMO HARRIS BANK**

17. First, $10,738.97 of the total amount held in Mr. Laughlin's trust account results from the sale of the fuel inventory on the Meridian Road property which BMO Harris Bank maintained a valid first security interest in. Pursuant to a security agreement and filed UCC-1 Financing Statement, BMO Harris Bank maintained a first security interest in, amongst other items, the inventory of the Debtor. Copies of the security agreement and UCC-1 Financing statement showing that perfected lien are attached hereto as **Exhibits "H" and "I"** respectively. No other party has any lien against that inventory which is prior to the lien of BMO Harris Bank.

4

18.     Because liens against collateral sold pursuant to Section 363(f) of the United States Bankruptcy Code attach to the proceeds of sale following the sale, and because the lien of BMO Harris Bank against the fuel inventory is superior to the liens of any other claimants, the proceeds in the amount of $10,738.97 should be turned over to BMO Harris Bank. In fact, other than the Small Business Administration (which was paid in full), there are no other liens against this collateral aside from those of BMO Harris Bank.

19.     Second, the remaining proceeds in Mr. Laughlin's trust account in the amount of $303,151.49 which were derived from the sale of the Riverside Property should also be turned over to BMO Harris Bank. When examining the status of title of the Riverside Property, BMO Harris Bank had a first lien against Riverside Property in the form of a mortgage dated February 8, 2007, recorded in the Winnebago County Recorder's Office on February 12, 2007, as document number 0708048 and modified on December 14, 2009, as document number 20101001178. The U.S. Small Business Administration and the Rockford Local Development Corporation had a second mortgage dated October 17, 2007 and recorded October 31, 2007. BMO Harris Bank had a third lien against the Riverside Property dated May 7, 2008, recorded in the Winnebago County Recorder's Office on May 9, 2008, as document number 200800822568. As of the last date title on the Riverside Property was run on September 29, 2011, no other creditor had any liens against the Riverside Property. Further, even if any other creditor filed a lien subsequent to that point, the law of Illinois is that first in time to record is first in right. *Cole Taylor Bank v. Cole Taylor Bank*, 224 Ill.App.3d 696, 704, 586 N.E. 2d 775 (1st Dist. 1992). A true and accurate copy of said title work is attached hereto as **Exhibit "J"** and is incorporated herein by reference. As such, the liens of BMO Harris Bank are the only remaining liens to attach to the proceeds held by Mr. Laughlin pursuant to Section 363(f). As a result, all remaining

amounts in Mr. Laughlin's trust account should go to BMO Harris Bank to apply to Note 1 and Note 3.

20. On information and belief, some other creditors may argue that BMO Harris Bank was not entitled to record its second mortgage against the Riverside Property. However, that argument is flawed.

21. On October 24, 2007, Amcore Bank entered into a Third Party Lender Agreement with Rockford Local Development Corporation regarding the loans against the Real Estate. A true and accurate copy of said Third Party Lender Agreement is attached hereto as **Exhibit "K"** and is incorporated herein by reference. In paragraph 5(c) of said Agreement, Amcore Bank agreed "Third Party Lender (Amcore - now BMO Harris Bank) agrees that the Common Collateral (Riverside Property) is not now, and will not be in the future, security for any other financing provided by Third Party Lender (Amcore – now BMO Harris Bank) to Borrower (Debtor) other than the Third Party Loan (Note 4) in a superior position to that of the CDC lien unless authorized in writing by CDC and SBA."

22. According to the plain language of the Third Party Lender Agreement, Amcore (now BMO Harris Bank) agreed that it would not provide any other financing to the Debtor which would be superior to that of the Rockford Local Development Corporation and the U.S. Small Business Administration. However, nothing in that Agreement states that Amcore or BMO Harris Bank cannot provide financing to the Debtor or secure other financing with a mortgage against the Real Estate if it is junior to that of the Rockford Local Development Corporation and the U.S. Small Business Administration. That is exactly what Amcore Bank did when it recorded its mortgage against the Real Estate dated May 7, 2008.

23. Because the U.S. Small Business Administration was paid in full, all remaining funds thereafter should be applied to Notes 1 and 3 of BMO Harris Bank as that is the order of priority of liens as reflected on the title report.

24. Further, none of the Debtor nor any other creditor other than Rockford Local Development Corporation and the United States Small Business Administration are third party beneficiaries which would be entitled to benefit from the Third Party Lender Agreement.

25. "Whether someone is a third party beneficiary depends on the intent of the contracting parties, as evidenced by the contract language." *Martis, D.C. v. Grinnel Mutual Reinsurance Co.*, 388 Ill.App.3d 1017, 1020, 905 N.E.2d 920, 924 ($3^d$. Dist. 2009). "It must appear from the language of the contract that the contract was made for the direct, not nearly incidental benefit of the third person. [Cite omitted]. Such an intention must be shown by an express provision in the contract identifying the third party beneficiary by name or by description of a class to which the third party belongs." *Id.* at 1020 citing *Holmes v. Federal Insurance Co.*, 353 Ill.App.3d 1062, 1066, 820 N.E.2d 526, 530 (2004). "If a contract makes no mention of the plaintiff or the class to which he belongs, he is not a third party beneficiary of the contract." *Id.* at 1020. "A plaintiff bears the burden of showing that the parties to be contracted intended to confer a direct benefit on him." *Id.* at 1020.

26. In the case at bar, the Third Party Lender Agreement, as well as Amcore Bank's agreement not to cross collateralize its debts, was made for the benefit of the Rockford Local Development Corporation and the United States Small Business Administration as is shown by the clear language of that section which provides that Amcore would not provide financing which would be superior to the Rockford Local Development Corporation and the U.S. Small Business Administration. As no other creditors were mentioned in said agreement, no other creditors could be a third party beneficiary to that agreement. Further, although the Third Party

Lender Agreement does mention the Debtor, it does so only to reference the fact that the loans being made by Amcore Bank and Rockford Local Development Corporation were being made to Vista Marketing Group. The Third Party Lender Agreement does not convey nor was it intended to convey any benefit to Vista Marketing Group. As such, there are no third party beneficiaries and, so long as the Rockford Local Development Corporation and the United States Small Business Administration are paid in full, thereafter any remaining proceeds of any such sale should be applied to Note 1 and Note 3 of BMO Harris Bank.

WHEREFORE, the Creditor, BMO HARRIS BANK, N.A., FORMERLY KNOWN AS HARRIS N.A., AS THE ASSIGNEE OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS THE RECEIVER FOR AMCORE BANK N.A., respectfully requests that this Court enter an Order directing that Mr. Laughlin turnover to BMO Harris Bank the proceeds in his trust account totalling $313,950.46, and for all such other and further relief as this Court deems just and necessary.

Dated: February 15, 2013

BMO HARRIS BANK, N.A., FORMERLY
KNOWN AS HARRIS N.A., AS ASSIGNEE
OF THE FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
AMCORE BANK, N.A.

By:   HINSHAW & CULBERTSON LLP


By:   /s/ Matthew M. Hevrin
      Matthew M. Hevrin
      One of Its Attorneys

**PREPARED BY:**
Matthew M. Hevrin (ARDC #6256083)
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Phone: 815-490-4900
Fax: 815-490-4901
mhevrin@hinshawlaw.com

8

70984006v1 0928211